UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NONA JACKSON,<br><br>　　Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; BMW FINANCIAL SERVICES, N.A, LLC,<br><br>　　Defendants. | §§§§§§§§§§§§§  Civil Action No. 4:24-cv-00184 |

**BMW FINANCIAL SERVICES NA, LLC's
MOTION TO STRIKE PLAINTIFF'S "REVISED FIRST AMENDED COMPLAINT"
[DKT. 37] AND PLAINTIFF'S "UNOPPOSED FIRST AMENDED COMPLAINT [AND]
UNOPPOSED REVISED FIRST AMENDED COMPLAINT" [DKT. 42]**

Defendant/Counter-Plaintiff BMW Financial Services NA, LLC ("BMW FS"), by and through its undersigned counsel, hereby files this Motion to Strike Plaintiff's "Revised First Amended Complaint" [Dkt. 37] and Plaintiff's "Unopposed First Amended Complaint [and] Unopposed Revised First Amended Complaint" [Dkt. 42] pursuant to Fed. R. Civ. P. 12(f).

As set forth more fully herein, Plaintiff's filings are procedurally improper and in violation of Fed. R. Civ. P. 15(a). Further, even if Plaintiff's "Unopposed First Amended Complaint [and] Unopposed Revised First Amended Complaint" is interpreted as a belated motion for leave to amend, it nevertheless fails. Specifically, the Second Amended Complaint is futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Further, as set forth below, after her prior counsel withdrew, Plaintiff sought to delay the pre-trial discovery process and requested nearly three months to retain replacement counsel. The Court granted such request, yet Plaintiff has used this time to vigorously litigate this matter as a *pro se* litigant. If Plaintiff retains replacement counsel, a motion for leave to amend will likely follow and it is inefficient for the

Court and BMW FS to respond to Plaintiff's subsequent amendments, only to have new counsel seek to further amend. For all these reasons, Plaintiff's "Revised First Amended Complaint" [Dkt. 37] and Plaintiff's "Unopposed First Amended Complaint [and] Unopposed Revised First Amended Complaint" [Dkt. 42] should be stricken.

## I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

On January 17, 2024, Plaintiff initiated this case by filing a Complaint in this Court. [Dkt. 1]. BMW FS subsequently sought two extensions of time to respond to the Complaint, which were granted by the Court and extended BMW FS's response deadline until March 11, 2024. [Dkt. 8, 19]. On March 11, 2024, BMW FS filed an Answer to the Complaint and asserted a Counterclaim against Plaintiff. [Dkt. 21]. On March 11, 2024, Plaintiff's Counsel filed a motion to withdraw as attorney of record for Plaintiff, which was granted by the Court on March 20, 2024. [Dkt. 22, 23].

On April 5, 2024, proceeding *pro se*, Plaintiff filed a "Request to Extend Time to Respond Through an Attorney." [Dkt. 24]. On April 11, 2024, Experian filed an Unopposed Motion to Postpone the Initial Pretrial and Scheduling Conference. [Dkt. 26]. On April 11, 2024, the Court granted Experian's Motion to Postpone and further ordered that "[Plaintiff] has until June 30, 2024 to respond or have counsel file notice on her behalf." [Dkt. 27].

On April 25, 2024, without first seeking consent from Defendants or leave of Court, Plaintiff filed an Amended Complaint (the "First Amended Complaint"). [Dkt. 29]. On May 9, 2024, BMW filed an Answer to the First Amended Complaint and asserted a Counterclaim against Plaintiff. [Dkt. 34]. On May 13, 2024, again without seeking consent from Defendants or leave of Court, Plaintiff filed a "Revised First Amended Complaint" (the "Second Amended Complaint") [Dkt. 37]. On May 21, 2024, BMW FS filed a Motion for Extension of Time to File a Responsive Pleading to the Second Amended Complaint. [Dkt. 39]. On May 28, 2024, Experian

filed a Motion to Strike the Second Amended Complaint [Dkt. 40], and TransUnion joined in such motion. [Dkt. 41]. On May 29, 2024, Plaintiff filed an "Unopposed First Amended Complaint, Unopposed Revised First Amended Complaint." [Dkt. 42]. On June 3, 2024, Plaintiff filed a Motion to Strike BMW FS's Counterclaim.[1] [Dkt. 43]. On June 4, 2024, Experian and TransUnion filed a Joint Response in Opposition to Plaintiff's Motion for Leave to Amend. [Dkt. 44].

## II.   LEGAL ARGUMENT

### A.   The Second Amended Complaint is Procedurally Improper and Should Be Stricken.

While Plaintiff attempts to style her Second Amended Complaint as a "Revised First Amended Complaint," this "revised" pleading clearly attempts to further amend the claims in the First Amended Complaint. Plaintiff's subsequently filed "Unopposed First Amended Complaint [and] Unopposed Revised First Amended Complaint" [Dkt. 42] is far from clear,[2] but both filings violate Fed. R. Civ. P. 15(a) and should be stricken for the reasons set forth below.

Rule 15(a) only permits a plaintiff to amend her complaint "once as a matter of course." Fed. R. Civ. P. 15(a)(1). Thereafter, a plaintiff may amend the complaint "*only* with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added). It is undisputed that Plaintiff did not have BMW FS' written consent to file her Second Amended Complaint or her "Unopposed First Amended Complaint [and] Unopposed Revised First Amended Complaint" and she did not seek the Court's leave to file the same.

An amended complaint should be stricken where a party neither obtains consent nor seeks the court's leave. *See Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013); *see also Kiper*

---

[1] BMW FS intends to oppose Plaintiff's Motion to Strike its Counterclaim and will file its opposition by June 24, 2024 in accordance with Local Rule 7.3-7.4.

[2] The Court docketed Plaintiff's "Unopposed First Amended Complaint [and] Unopposed Revised First Amended Complaint" as a subsequent pleading, not as a Motion. [Dkt. 42].

3

*v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 564-65 (S.D. Tex. 2012); *Crystal Power Co. Ltd. v. Coastal Salvadoran Power Ltd.*, No. 3:10-cv-00057, 2011 WL 13135968, at *1 (S.D. Tex. Jan. 10, 2011); *Jeanty v. Nebraska Furniture Mart*, No. 4:19-CV-366-ALM-CAN, 2019 WL 12375489, at *1-2 (E.D. Tex. July 19, 2019); *Goines v. CIT Grp., Fin., Assignor*, No. H-11-03287, 2012 WL 1551712, at *2 (S.D. Tex. May 1, 2012). Notwithstanding Plaintiff's status as a *pro se* litigant, she is required "to fundamentally 'abide by the rules that govern the federal courts.'" *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013)). Plaintiff did not follow the requisite procedures for filing her Second Amended Complaint or the "Unopposed First Amended Complaint [and] Unopposed Revised First Amended Complaint" and for this reason alone, these pleadings must be stricken in their entirety.

    **B.**     **Even if Plaintiff's "Unopposed First Amended Complaint [and] Unopposed Revised First Amended Complaint" is Interpreted as a Belated Motion for Leave to Amend, it Still Must Be Denied.**

While Plaintiff's "Unopposed First Amended Complaint [and] Unopposed Revised First Amended Complaint" is far from clear and was docketed as a subsequent pleading, any attempt to interpret this filing as a belated Motion for Leave to file her Second Amended Complaint must fail. As an initial matter, any motion for leave must be filed **before** the amended pleading, and for this reason alone, Plaintiff's "Unopposed First Amended Complaint [and] Unopposed Revised First Amended Complaint" cannot be interpreted as a belated motion for leave and must be stricken. Moreover, "[a] district court may deny a motion for leave to amend for a variety of reasons, including undue delay, bad faith, dilatory motive, undue prejudice, or futility of the amendment." *United States ex rel. Gage v. Rolls-Royce N. Am., Inc.*, 760 F. App'x 314, 318 (5th Cir. 2019) (citation omitted). Even if Plaintiff's "Unopposed First Amended Complaint [and]

4

Unopposed Revised First Amended Complaint" could be interpreted as a belated motion for leave, which it should not, it must fail for the reasons set forth below.

### 1. Plaintiff Should Be Precluded from Further Amendments While Seeking New Counsel.

As set forth above, Plaintiff sought to delay the pre-trial discovery process and filed a "Request to Extend Time to Respond Through an Attorney." [Dkt. 24]. In her submission, Plaintiff asserted that she "need[ed] additional time *to seek adequate representation through a professional* [a]ttorney." [Dkt. 24, ¶ 4] (emphasis added). In response to this submission, and Experian's Request to Postpone the Initial Pretrial and Scheduling Conference, the Court adjourned the conference and ordered "[Plaintiff] has until June 30, 2024 to respond or have counsel file notice on her behalf." [Dkt. 27]. During the period that Plaintiff was given to seek new counsel, she has instead simultaneously filed numerous pleadings as a *pro se* litigant seeking to amend the First Amended Complaint, as well as numerous other filings, including several motions to strike. [Dkt. 29, 34, 37, 42, 43, 45, 46, 47]. Plaintiff should be judicially estopped from pursuing these impossibly inconsistent positions.

Plaintiff cannot have it both ways. Instead, the Court should strike Plaintiff's subsequent pleadings, and preclude any subsequent filings, until Plaintiff confirms one way or the other that she intends to proceed as a *pro se* litigant and is no longer seeking to retain counsel on her behalf. This is because any incoming attorney will likely seek further leave to withdraw and/or clarify Plaintiff's nearly incomprehensible pleadings as described below. It would be incredibly inefficient for the Court and BMW FS to respond to Plaintiff's subsequent amendments, only to have any new counsel seek further amendments. As such, BMW FS respectfully requests that this Court strike Plaintiff's Second Amended Complaint and the subsequently filed "Unopposed First Amended Complaint [and] Unopposed Revised First Amended Complaint" until Plaintiff confirms she is no longer seeking to retain counsel and intends to proceed *pro se*.

5

### 2. Plaintiff's Second Amended Complaint is Futile

Even if Plaintiff cures the procedural defects associated with the filing of her Second Amended Complaint, any forthcoming Motion for Leave must be denied because the Second Amended Complaint is futile.

It is well-established that "[t]he district court does not abuse its discretion in denying leave to amend if allowing amendment of the complaint would be futile. *See Landavazo v. Toro Co.,* 301 F. App'x 333, 337 (5th Cir. 2008) (citation omitted); *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003) (holding "[t]he proposed amended complaint could not survive a Fed. R. Civ. P. 12(b)(6) motion and allowing [plaintiff] to amend the complaint would be futile."). Indeed, a proposed amended complaint is reviewed under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Landavazo*, 301 F. App'x at 337 (citation omitted). Regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002) (citing *S. Christian Leadership Conf. v. Supreme Ct. of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)). Plaintiff's Second Amended Complaint fails to meet this standard and would not survive a Rule 12(b)(6) motion.

Here, Plaintiff's Second Amended Complaint is filled with incomplete sentences, incomprehensible allegations, and legally defective claims. For example, the Second Amended Complaint is styled as a "Class Action" seeking Injunctive Relief, but there are no "class allegations" and no claims for injunctive relief. Further, Plaintiff's Second Amended Complaint is filled with incomplete sentences making it nearly impossible to interpret the underlying factual allegations and therefore to adequately respond to it. [Dkt. 37, ¶¶ 15-100]. Moreover, the Second Amended Complaint contains a "Memorandum" section that includes apparent causes of action with no factual allegations. [Dkt. 37, pp. 35-38]. This section further contains references to

sections of the criminal code for "Aggravated identity theft" which appears entirely inapplicable to Plaintiff's claims.  [Dkt. 37, p. 36].  This section further references a section of the Texas Finance Code which addresses the delivery of retail installment sales contracts.  [Dkt. 37, pp. 36-37].  It is entirely unclear how these references relate to Plaintiff's claims of alleged FCRA violations that are the basis of her claims in Counts One and Two against BMW FS.  [Dkt. 37, pp. 18-20].

BMW FS should not be left to decipher Plaintiff's incomprehensible amended pleading.  Courts have dismissed similarly flawed *pro se* complaints.  *See Olaoye v. Wells Fargo Bank NA*, No. 3:12-CV-4873-M-BH, 2013 WL 5422888, at *4 (N.D. Tex. Sept. 27, 2013) ("Plaintiff's rambling single-spaced complaint is virtually unintelligible. It repeatedly references syntax and grammar in relation to various legal phrases, but it does not provide any facts to state any plausible claim to relief."); *Murry v. Serafino*, No. 4:23-CV-683-P, 2023 WL 6467681, at *2 (N.D. Tex. Aug. 30, 2023 (recommending plaintiff's claims be dismissed for failure to a state a claim where the complaint included "an incoherent compilation of sweeping demands with the occasional unintelligible fact mixed in"), *report and recommendation adopted*, No. 4:23-CV-00683-P-BJ, 2023 WL 6471703 (N.D. Tex. Oct. 4, 2023); *Cruz v. Aransas Pass Police*, No. 2:22-CV-00103, 2022 WL 3110122, at *3 (S.D. Tex. July 7, 2022) (recommending dismissal of plaintiff's claims for failure to state a claim and/or as frivolous where the pleadings were "confusing and unintelligible"), *report and recommendation adopted*, No. 2:22-CV-00103, 2022 WL 3104861 (S.D. Tex. Aug. 4, 2022).  As such, even if Plaintiff properly sought leave to file her Seconded Amended Complaint, which she did not, her Second Amended Complaint is futile.

### III.   CONCLUSION

For the reasons set forth above, BMW FS respectfully requests that Plaintiff's "Revised First Amended Complaint" [Dkt. 37] and Plaintiff's "Unopposed First Amended Complaint [and] Unopposed Revised First Amended Complaint" [Dkt. 42] be stricken.

DATE: June 11, 2024

        Respectfully submitted,

        HUSCH BLACKWELL LLP

        By: */s/ Brandon S. Stein*
        Brandon S. Stein
        HUSCH BLACKWELL LLP
        2415 E. Camelback Road, Suite 500
        Phoenix, AZ 85016
        (480) 824-7890 – Telephone
        (480) 824-7905 – Facsimile
        Brandon.Stein@HuschBlackwell.com

        *Attorneys for Defendant*
        *BMW Financial Services NA, LLC*

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing has been served upon all counsel of record on June 11, 2024, via the CM/ECF Filing system, which will provide notifications to all parties and counsel of record. Additionally, I served Plaintiff with a copy of the foregoing via CM/RRR as follows:

Nona Jackson<br>
1550 Leona St<br>
Unit 113<br>
Houston, TX 77009

By: */s/ Brandon S. Stein*
    Brandon S. Stein