United States District Court
Southern District of Texas
**ENTERED**
October 14, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NONA JACKSON, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | CIVIL ACTION NO. H-24-00184 |
| TRANSUNION, LLC *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND OPINION

The plaintiff, Nona Jackson, representing herself, alleges various unlawful activities relating to her purchase and financing of a BMW vehicle. (Docket Entry No. 1). Ms. Jackson now seeks to add additional parties: (1) Sonic Momentum B, LLC, (2) BMW Bank of North America, and (3) Auto Boutique Texas, LLC. (Docket Entry No. 61). Ms. Jackson also moves to strike, defendant BMW Financial Services N.A., LLC's response to her motion. (Docket Entries Nos. 64, 65). The court previously dismissed Ms. Jackson's claims against TransUnion and Experian Information Solutions. (Docket Entry No. 60). Ms. Jackson's remaining claims are only against BMW Financial.

In its response, BMW Financial argues that Ms. Jackson's motion should be denied because it more closely resembles an amended pleading than a motion to add new parties. (Docket Entry No. 64 at 1-2). The court agrees. As with Ms. Jackson's previous filings, the motion primarily consists of quoted portions of various statutes. Ms. Jackson's motion appears to seek to add a slew of new claims against BMW Financial as well as against the parties she seeks to add.

A court may deny a party leave to amend on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd*

*Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). A court need not permit a party to amend "when the movant knew of the underlying facts before the action commenced and inexplicably waited to bring their claims." *US Cap. Glob. Inv. Mgmt. LLC v. Noble Cap. Grp., LLC*, 2023 WL 11867023, at *2 (W.D. Tex. Sept. 1, 2023) (citing *Wimm*, 3 F.3d at 142). Ms. Jackson has provided no explanation as to why the claims she now seeks to bring for the first time – such as claims under the Texas Certificate of Title Act, which she did not previously assert against BMW Financial but now attempts to assert against all defendants, and claims under the Texas Debt Collection Act that she now seeks to bring against BMW Financial – were not brought in her initial complaint.

To the extent that Ms. Jackson seeks to add new parties to this suit, "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (per curiam). Ms. Jackson has repeatedly sought to add various defendants to this action based on generalized allegations of wrongdoing by BMW Financial, and the court has granted motions to dismiss by those defendants. (Docket Entry No. 60). The court will not permit Ms. Jackson to add new parties when the vast majority of the allegations in her nearly indecipherable complaint focus on BMW Financial.

The motion to add new parties, (Docket Entry No. 61), is denied. The motion to strike BMW Financial's response to the motion to add new parties, (Docket Entry No. 65), is denied as moot.

SIGNED on October 14, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge