Case 4:24-cv-00184   Document 85   Filed on 01/16/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 16, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |   |
|---|---|---|
| NONA JACKSON, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-24-00184 |
| TRANS UNION, LLC, *et al*, | § § § | |
| Defendants. | § § § § | |

**MEMORANDUM AND OPINION**

The plaintiff, Nona Jackson, has moved for this court to recuse itself under 28 U.S.C. § 455. Section 455 governs the circumstances in which any United States judge must disqualify from a proceeding. Ms. Jackson states that her motion is brought under 28 U.S.C. § 455 (a)(b)(1)(iv). (Docket Entry No. 81 at 1). No such section exists. The court will instead analyze Ms. Jackson's motion under the provisions of Section 455(a), which governs motions to recuse.

Ms. Jackson asserts that this court has engaged in unethical bias, discriminatory actions, and illegal conduct with respect to her case. Ms. Jackson's motion appears to allege the following acts by the court which she asserts provide a basis for recusal: (1) the court's failure to sanction Brandon R. Stein, counsel for the defendant, BMW Financial Services LLC, for purportedly engaging in the unauthorized practice of law; (2) the court's failure to sanction Sabrina Neff, counsel for the defendant, BMW Financial Services, LLC, for a purported failure to comply with local and federal rules regarding the substitution of counsel; (3) the court's alleged participation in ex parte communications with counsel for the defendant; (4) the court's scheduling of another

initial conference immediately prior to the conference held in this case, which Ms. Jackson alleges led to "potential conflicts of interest."

To address the alleged judicial misconduct, Ms. Jackson seeks the following relief: (1) recusal; (2) sanctions against BMW Financial Services, LLC, which would include striking all its "filings"; (3) vacatur of all this court's orders or judgments; and (4) "remand" of the case "to a different judge for a fair and impartial hearing."

Section 455 requires a judge to disqualify or recuse herself when her "impartiality might reasonably be questioned." 28 U.S.C. § 455. An objective standard for evaluating bias applies. *See Andrade v. Chojnacki*, 338 F.3d 448, 454–55 (5th Cir. 2003). "Recusal is required under § 455(a) only if 'a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality.'" *Haskett v. Orange Energy Corp.*, 161 F. Supp. 3d 471, 474-75 (S.D. Tex. 2015) (quoting *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003)).

Taking each of Ms. Jackson's asserted bases for recusal in turn, the court starts with Ms. Jackson's argument that its failure to sanction Mr. Stein for purportedly unauthorized practice of law shows bias. During a pre-motion conference held on December 12, 2024, the court extensively explained to Ms. Jackson that Mr. Stein's appearance in this case does not constitute unauthorized practice of law, because he holds a bar license from the state of Wisconsin and is admitted to practice in the Southern District of Texas. Besides the fact that Ms. Jackson's request was without merit, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The court's refusal to sanction or remove Mr. Stein as counsel for the defendant as does not provide a basis for recusal. See also *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (a judge's prior adverse ruling against party moving for recusal is not sufficient cause for recusal absent evidence of bias or favoritism).

2

Ms. Jackson next alleges that the court's failure to sanction Ms. Neff under Federal Rule of Civil Procedure 11 for "failing to follow local and federal rules" regarding substitution of counsel shows bias and requires recusal. Ms. Jackson's assertions regarding the impropriety of Ms. Neff's appearance in this case are meritless, for the reasons the court explained to Ms. Jackson at the December 12, 2024, pre-motion conference. Even if Ms. Neff failed to follow the procedures for substitution—which the court does not find—the court's failure to sanction her does not show bias. "[W]hile Rule 11 authorizes sanctions, it does not mandate them." *Shaikh v. Germadnig*, 2024 WL 2861845 (3d Cir. June 6, 2024). Ms. Jackson points to no authority establishing that a judge's failure to exercise its discretion to sanction an attorney for failing to comply with a local or federal rule shows impartiality.

Third, Ms. Jackson's allegations relating to purported ex parte communications are as follows: "On December 03, 2024, attorney Neff, emailed a request by Ex-parte to the court failure to tag attorney Brandon Stein, and addressed to Ms. Hassan, without leave of the courts, consent, or permission." (Docket Entry No. 81 at 8). Ms. Jackson alleges that these communications violated her Due Process Rights. (*Id.* at 9). The court construes these allegations to suggest that the court's case manager, Ms. Glenda Hassan, received an email from Ms. Neff on which Ms. Jackson was not copied. Ms. Jackson presents no evidence to substantiate this allegation. However, even assuming that it is true, "[e]x parte communications with judicial staff concerning routine administrative matters do not raise any inference of bias." *Blixseth v. Yellowstone Mountain Club, LLC.*, 742 F.3d 1215, 1220 (9th Cir. 2014).

Finally, the court turns to Ms. Jackson's allegations regarding the scheduling of the December 12, 2024, pre-motion conference. Ms. Jackson appears to allege that because an initial conference in a different case scheduled before the conference in this case "bled over" into the

3

time allocated for the conference in this case, this led to "potential conflicts of interest, and inadvertent disclosures of confidential information" by the parties in the other case. (Docket Entry No. 81 at 8). But almost all proceedings in this court are open to the public, including the initial conference that Ms. Jackson refers to. Ms. Jackson's assertions about the timing of the pre-motion conference are without merit.

Ms. Jackson fails to show bias. The court finds no basis for recusal or for any of the other forms of relief that Ms. Jackson seeks. The court reiterates, as it has previously, that it remains impartial in this matter. The motion for recusal is denied. (Docket Entry No. 81).

SIGNED on January 16, 2025, at Houston, Texas.

                                                Lee H. Rosenthal
                                   Senior United States District Judge